UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JADE KINGHAM AND DEREK KINGHAM, HUSBAND AND WIFE** | * * | **CIVIL ACTION NO. 2:12-CV-685** |
| | * | **JUDGE MINALDI** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE KAY** |
| **TARGET CORP. OF MINNESOTA** | * | |

## MEMORANDUM RULING

Before the court is plaintiffs' Motion to Remand. Doc. 5. For the reasons that follow, the motion is DENIED.

*Background*

Jade Kingham and her husband, Derek Kingham, ("plaintiffs") filed the instant action in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana on February 24, 2011. Target Corporation of Minnesota ("Target") is the only named defendant. The petition seeks recovery on behalf of the couple for damages allegedly sustained when Jade Kingham slipped and fell in a Target store on March 16, 2010. Doc. 1, Att. 2.

Target removed the suit to this court on March 16, 2012. Doc. 1. The Notice of Removal asserts that this court has subject matter jurisdiction on the basis of diversity. Doc. 1, p. 6. Target submits that the requirements of diversity jurisdiction are satisfied because the judicial amount in controversy exceeds $75,000 and there exists complete diversity of citizenship between the parties. Doc. 1, pp. 2-6. Plaintiffs have not disputed that the judicial amount in controversy exceeds $75,000 nor have they disputed that complete diversity exists.

Plaintiffs ask the court to remand the action pursuant to 28 U.S.C. § 1446(b) on the grounds that Target failed to timely file its Notice of Removal with this court. Doc. 6, p. 2.

They argue that Target had only thirty days from receipt of the initial petition to remove the case to federal court because it was "facially apparent" from the state court petition that the claim for damages exceeded $75,000. Doc. 6, pp. 2-3. In the alternative, plaintiffs argue that Target was required to remove within thirty days after plaintiffs responded to Target's interrogatories on June 15, 2011. Doc. 6, p. 3.

Target responds that the case was not removable at the time suit was filed because there was no indication that the $75,000 judicial amount in controversy was satisfied from the face of the petition. Doc. 8, pp. 8-10. They submit that the judicial amount in controversy was ambiguous because plaintiffs' state court petition stipulated that damages were less than $75,000. Doc. 8, pp. 6-8. Moreover, Target argues that plaintiffs' interrogatory answers were incomplete and ambiguous as to the nature and duration of Mrs. Kingham's alleged injuries. Doc. 8, pp. 10-11. Target alleges that they could not ascertain that the plaintiffs were seeking in excess of the jurisdictional amount until the deposition of plaintiff Jade Kingham was taken on March 9, 2012. Doc. 8, pp. 11-16.

## *Law and Analysis*

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

The parties do not dispute that the amount in controversy and diversity of citizenship requirements are met.[1]  Rather, they disagree as to whether Target failed to timely remove the action in accordance with the requirements of 28 U.S.C. § 1446(b).  Doc. 6.

A. **Initial Pleading**

Generally, a defendant must file a notice of removal must be filed within thirty days from the time the defendant receives an "initial pleading setting forth the claim for relief . . . ."  28 U.S.C. § 1446(b)(1).  This thirty day period, however, "starts to run from defendant's receipt of the initial pleading *only* when that pleading affirmatively reveals on its face that the pleading is seeking damages in excess of the jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added).

Plaintiffs argue that Target failed to timely remove the case from state court to federal court within thirty days from service of the petition.  They contend that it is "facially apparent" from the face of the state court petition that the amount in controversy requirement was satisfied.  Doc. 6, pp. 2-3.  Plaintiffs point to the nine categories of damages for which they seek recovery in their state court petition.  Moreover, they point to the holding and analysis of *Lucket v. Delta Airlines*, 171 F.3d 295 (5th Cir. 1999), in support of their assertion that it is relatively easy for a petition to satisfy the "facially apparent" standard.  Doc. 6, pp. 2-3.

Plaintiffs apply the wrong standard.  The "facially apparent" standard applies to the burden of proof required of a defendant in order to remove a case to federal court. *Gebbia v.*

---

[1] Despite the concurrence of the parties that the requirements of diversity jurisdiction are satisfied, this court is tasked with conducting its own review *sua sponte*.  See *e.g. Chaisson v. Karl Storz Endoscopy-America, Inc.*, 68 F.3d 472 (5th Cir. 1995).  The court finds, however, that Target's Notice of Removal demonstrates by a preponderance of the evidence that the judicial amount in controversy exceeds $75,000.  *See Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  Moreover, the court agrees with the parties that the parties are complete diverse in citizenship.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Plaintiffs are domiciled in Louisiana.  Doc. 1, Att. 2, p. 4.  Target is incorporated in the State of Minnesota and maintains its principal place of business in Minnesota as well.  Doc. 1, p. 2.

*Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  As in this case, when the question is one of timeliness, the appropriate standard is whether the pleading "affirmatively reveals on its face" that the amount in controversy is in excess of the jurisdictional amount.  *Chapman*, 969 F.2d at 163; *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002).

  The Fifth Circuit has adopted a "bright line rule" such that if a plaintiff "wishes the thirty-day time period to run from the defendant's receipt of the initial pleading," then the plaintiff must include "in the initial pleading a specific allegation that damages are in excess of the jurisdictional amount."  *Chapman*, 969 F.2d at 163.  The thirty day period does not begin to run because a defendant has subjective knowledge that he may be able to meet the requisite burden of proof to invoke the removal jurisdiction of a federal court and a defendant is not obligated to exercise due diligence to ascertain the judicial amount in controversy.  *Id.*

  Under the appropriate standard plaintiffs' state court petition fails to affirmatively reveal on its face that the jurisdictional amount was satisfied.  Plaintiffs ignore paragraph 10 of their petition which states "Plaintiffs assert that given the extent and degree of injuries to JADE KINGHAM, their damages do not exceed Seventy Five Thousand and No/100 ($75,000.00) Dollars."  Doc. 1, Att. 2, p. 6.  Comments by counsel in the deposition of Mrs. Kingham indicate that these stipulations were intended to be taken at face value.  *See* Doc. 1, Att. 4, p. 10, lines 23-25.  Plaintiffs ask Target to ignore the plain language of paragraph 10 and nevertheless remove the case on the basis that the petition alleges nine categories of damages in unspecified amounts.

  Plaintiffs cannot benefit from tugging Target in opposite directions.  *See* Doc. 1, Att. 4, p. 10, lines 12-14, 23-25.  Removal is not a guessing game.  Target is entitled to a reasonable degree of certainty with respect to the judicial amount in controversy before removing the case to

this court. Plaintiffs' standard encourages defendants to prematurely remove cases from state court even when they are unsure whether they could meet their burden of proof to invoke federal jurisdiction just to be certain they are not deprived of a federal forum. The Fifth Circuit has expressly rejected plaintiffs' approach. *Chapman*, 969 F.2d at 163.

### B. Other Paper

When the initial pleadings do not provide grounds for removal, defendants may remove the action "within 30 days after receipt" of any "other paper from which it may first ascertained that the case is . . . removable." 28 U.S.C. § 1446(b)(3). The parties disagree as to which "other paper" triggered the thirty day removal period in this case.

Target contends that it could not ascertain that the case was removable until the deposition of plaintiff Jade Kingham was taken on March 9, 2012. It submits that removal was timely because the case was removed to this court on March 16, 2012, which was within the thirty day time limit.

The Fifth Circuit has held that "a transcript of [a defendant's] deposition testimony is 'other paper.'" *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). The receipt of the written transcript triggers the running of section 1446(b)'s thirty day removal period. *Id.*

Target's receipt of a transcript of Jade Kingham's deposition testimony presumptively triggered a thirty day time period in which Target could remove the case to federal court. Target submits that the deposition testimony was critical in helping it ascertain that the case was removable because it shed light on the judicial amount in controversy in several respects. First, the testimony provided "clarification regarding the conflicting petition allegations" previously discussed. Doc. 8, p. 16. Second, it elicited "further answers relating to plaintiffs' incomplete interrogatory responses" regarding the scope of her damages. Doc. 8, p. 16. Third, and perhaps

most importantly, counsel for the plaintiffs refused to allow her client to answer questions regarding the amount in controversy. Doc. 8, p. 16. Unless plaintiffs can demonstrate that Target previously came into possession some other "other paper" from which it could have ascertained the case was removable, then Target timely removed the case to this court.

Plaintiffs argue that their answers to interrogatories on June 15, 2011, triggered a thirty day period wherein Target was required to remove the case. Doc. 6, p. 3. They contend that their answers to interrogatories number 17 and 18 propounded by Target should have put Target on notice that the damages were in excess of the $75,000 jurisdictional amount.[2] Doc. 6, p. 3. This argument is unpersuasive as the information contained in plaintiffs' answers to the Targets interrogatories does not indicate in an "unequivocally clear and certain" manner that the case is removable.

Answers to interrogatories may satisfy the "other paper" requirement. *Chapman*, 969 F.2d at 164. This thirty day time period begins to run only if the information contained within the interrogatory answers allegedly supporting removal is "unequivocally clear and certain." *Bosky*, 288 F.3d at 211.

Target's Interrogatory No. 17 requested plaintiffs to list any amounts being claimed for lost past and future earnings and earning capacity. Doc. 1, Att. 3, p. 2. Plaintiff responded, "$2,000 to $3,000 per month." Doc. 1, Att. 3, p. 7. Target's Interrogatory No. 18 also requested that plaintiffs specify the amount of damages being sought for each item or category of damages. Doc. 1, Att. 3, p. 2. Plaintiffs responded, "Petitioner has not completed treatment and/or had a definitive diagnosis in order to accurately respond." Doc. 1, Att. 3, p. 7.

---

[2] Plaintiff identifies the interrogatory as No. 8 rather than No. 18. However, this appears to be a typographical error.

Plaintiffs' state court petition alleged that Mrs. Kingham's alleged accident occurred on March 16, 2010. Doc. 1, Att. 2, p. 5. When plaintiffs answered Target's interrogatories on June 15, 2011, Mrs. Kingham suffered from her alleged injuries for over fifteen months. By plaintiffs' own figures, Target was only on notice that the plaintiff was seeking between $30,000 and $45,000, plus some unknown additional amounts.[3] The interrogatory answers failed to indicate that these additional amounts would exceed, at minimum, $30,000.

The undersigned finds that the interrogatory answers supplied by plaintiffs did not trigger a thirty day period within which Target was given to timely remove the case. *See Muse v. Lowe's Home Centers, Inc.*, 2:11-CV-01481, 2011 WL 5025326, *3 (E.D. La. Oct. 21, 2011); *see also Ford v. Shoney's Restaurants, Inc.*, 900 F.Supp. 57, 59 (E.D. Tex. 1995). Rather the thirty day time period was not triggered until received the transcript of Jade Kingham's deposition testimony—the first "other paper" from which Target could ascertain that the case was removable.

### *Conclusion*

This court has jurisdiction over the case in accordance with 28 U.S.C. § 1332(a), and the Notice of Removal was not untimely pursuant to 28 U.S.C. § 1446(b). The initial petition failed to affirmatively reveal on its face that the amount in controversy exceeded the jurisdictional requirement, nor was it unequivocally clear and certain from plaintiffs' interrogatory answers failed that the jurisdictional requirement was satisfied. Plaintiffs' timely removed the case when they acted within thirty days from the receipt of Jade Kingham's deposition transcript. Thus, plaintiffs' Motion to Remand is DENIED.

---

[3] This range is plaintiffs' $2,000 to $3,000 range multiplied by fifteen (15) months.

THUS DONE this 11th day of January, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE