RECEIVED
IN LAKE CHARLES, L.

MAR - 1 2013

TONY R. MOORE, CLERK
BY_____
                    DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JADE KINGHAM AMD DEREK KINGHAM, HUSBAND AND WIFE | : | DOCKET NO. 2:12 CV-685 –PM-KK |
| VS. | : | JUDGE MINALDI |
| TARGET CORP. OF MINNESOTA | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is an Appeal [Doc. 12] from the Magistrate Judge's Order [Doc. 10]

denying the plaintiffs' Motion to Remand [Doc. 5].  The defendant, Target Corp. of Minnesota

("Target") filed a response [Doc. 14].  For the reasons stated herein, the Magistrate Judge's

ruling will be AFFIRMED.

### BACKGROUND

In this lawsuit, the plaintiffs seek to recover for damages allegedly sustained by Jade

Kingham after she slipped and fell in a Target store on March 16, 2010.[1]  The plaintiffs

originally filed this case on February 24, 2011 in the 14th Judicial District Court in Calcasieu

Parish.[2]  Target then removed the case to this court on March 16, 2012, alleging that diversity

jurisdiction existed because the parties were diverse from each other and Target had recently

---

[1] Pls.' Compl., [Doc. 1-2].

[2] *See generally id.*

1

discovered the amount in controversy exceeded $75,000.[3]

After Target removed the case, the plaintiffs moved to remand it.  In their Motion to Remand, the plaintiffs did not dispute that the parties were diverse or that the amount in controversy was over $75,000.[4]  Instead, they asked for a remand pursuant to 28 U.S.C. § 1446(b) on the grounds that Target failed to timely file its Notice of Removal.[5]  They argued that Target should have removed the case within thirty days after they filed the petition because it was "facially apparent" from the petition that the amount in controversy was over $75,000.[6]  In the alternative, they argued that Target should have removed the case within thirty days of the plaintiffs' response to interrogatories on June 15, 2011, because it was also allegedly apparent that the amount in controversy exceeded $75,000 based on the plaintiffs' interrogatory responses.[7]

Target countered that the suit was not removable at the time the petition was filed, since it was ambiguous whether the amount in controversy requirement was satisfied; namely, on the face of the petition, the plaintiffs had stipulated that their damages were less than $75,000.[8]  Target also contends that it was unclear, based on the plaintiffs' ambiguous and incomplete interrogatory answers, whether the plaintiffs' damages exceeded $75,000.[9]  Instead, Target alleges that it only became aware of the full extent of the plaintiffs' damages after it deposed

---

[3] Defs.' Not. of Removal, [Doc. 1] at ¶ 18.

[4] *See* Pls.' Mem. in Supp. of Mot. to Remand, [Doc. 6], at pg. 1.

[5] *See generally id.*

[6] *Id.* at pgs. 2 – 3.

[7] *Id.* at pg. 4.

[8] Def.'s Mem. in Opp. to Pls.' Mot. to Remand, [Doc. 8], at pg. 7.

[9] *Id.* at pgs. 10 – 11.

Jade Kingham on March 9, 2012.[10]

On January 11, 2013, the Magistrate Judge denied the plaintiffs' Motion to Remand. First, the Magistrate Judge found that the plaintiffs' petition failed to affirmatively reveal that the jurisdictional amount was satisfied, particularly because the plaintiffs had stipulated in their petition that they were claiming less than $75,000 in damages.[11]  She noted that Target was "entitled to a reasonable degree of certainty with respect to the judicial amount in controversy before removing to this court," which was missing from the petition as written.[12]

Next, the Magistrate Judge found that the plaintiffs' interrogatory answers did not constitute "other paper" which would trigger the thirty day removal period because the information contained in the interrogatory responses allegedly supporting removal was not "unequivocally clear and certain."[13]  Instead, she found that Jade Kingham;s deposition was the appropriate "other paper" which would trigger the thirty day removal period, because it clarified conflicting petition allegations, elicited further answers to the plaintiffs' previous incomplete interrogatory responses, and showed that the plaintiffs' attorney was refusing to let her client answer questions on the actual amount in controversy.[14]

The plaintiffs now appeal the Magistrate Judge's decision.

## STANDARD OF REVIEW

Magistrate judges are empowered by the United States Code to "hear and determine" non-dispositive pretrial motions. 28 U.S.C. § 636(b)(1)(A).  If a party is dissatisfied with a

---

[10] *Id.* at pgs. 11 – 15.

[11] Mem. Ruling, [Doc. 10], at pg. 4.

[12] *Id.* at pg. 5.

[13] *Id.* at pg. 6.

[14] *Id.* at pgs. 5 –6.

magistrate judge's ruling, it may appeal to the district judge, who may reconsider the ruling and reverse it "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). A finding is clearly erroneous when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## LAW & ANALYSIS

In the plaintiffs' appeal, they concede that "the Petition may not support with clear and unequivocal certainty that the value of the claim exceeds 75,000."[15] The undersigned will therefore not address this first issue on appeal. Instead, the plaintiffs' sole argument on appeal is that Magistrate Judge erred in finding that the plaintiffs' interrogatory answers were not sufficiently clear and unequivocal enough to constitute "other paper" necessitating removal and indicating that their claims exceeded the jurisdictional amount.[16] They allege that the Magistrate Judge did not factor into her consideration damages for continuing wage loss, pain and suffering, and past and future medical expenses, purportedly apparent from the plaintiffs' interrogatory answers.[17] Finally, the plaintiffs argue that if it were clear that the jurisdictional amount was met based on Jade Kingham's deposition (even in the face of a contrary petition), then the same logic could have been applied to the interrogatory answers to find the requisite jurisdictional amount.[18]

In response, Target argues that the plaintiffs' interrogatory responses were too incomplete

---

[15] Pls.' Appeal of Magistrate Judge's Decision, [Doc. 12], at pg. 4.

[16] *Id.* at pg. 3.

[17] *Id.*

[18] *Id.* at pg. 4.

and ambiguous on the duration of Jade Kingham's wage loss and the extent of her medical expenses to alert Target that her claims exceeded the jurisdictional amount.[19]  Target alleged that this was particularly true in light of the plaintiffs' affirmative statement in their petition that the amount in controversy would not exceed $75,000.[20]  Further, Target rebuts the plaintiffs' argument that logic dictated that if it were clear that the case was removable in light of evidence during Jade Kingham's deposition, it should have been equally clear that the case was removable after her interrogatory answers, noting that the deposition included much more detail and specificity on the quantity and quality of the plaintiffs' damages.[21]

Reviewing the relevant case law, the deposition transcript, and the interrogatory answers, the undersigned finds that the Magistrate Judge's findings were not clearly erroneous or contrary to law.  First, the undersigned notes that the parties are now in agreement that the initial pleadings did not clearly provide grounds for removal.  Thus, Target was permitted to remove "within 30 days of receipt" of "any other paper from which it may be ascertained that the case is . . . removable."  28 U.S.C. § 1446(b)(3).

Courts in this circuit have found that both interrogatories and deposition transcripts may constitute "other paper" which trigger the thirty day removal period.  *Leboeuf v. Texaco*, 9 F. Supp. 2d 661, 665 (E.D. La. 1998) (finding that answers to interrogatories constitute "other paper"); *Trotter v. Steadman Motors, Inc.*, 47 F.Supp. 2d 791, 793 (S.D. Miss. 1999) (finding that deposition testimony constituted "other paper.").  As such, the inquiry turns on whether it was first "unequivocally clear and certain" that the jurisdictional amount in controversy  was met

---

[19] Def.'s Opp. to Pls.' Appeal of Magistrate Judge's Decision, [Doc. 14], at pgs. 4 – 5.

[20] *Id.* at pg. 5.

[21] *Id.* at pg. 6.

when Target received Jade Kingham's interrogatory answers or else deposed Jade Kingham. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (holding that information supporting removal in a copy of an amended pleading, motion, order, or other paper must be unequivocally clear and certain to start the time limit running for notice of removal under 28 U.S.C. § 1446(b)).

Reviewing the interrogatory answers, the undersigned agrees with the Magistrate Judge that the answers do not provide "clear and unequivocal" evidence that the plaintiff's damages were in excess of $75,000.  In response to interrogatory 17, which asked about lost past and future earnings and earnings capacity, Jade Kingham vaguely responded "$2,000 to $3,000 per month."[22]  There is no indication whether these numbers simply reflect past lost wages, or else should be projected into the indeterminate future.  In response to interrogatory 18, in which Target asked for the amount of damages being sought for each category of damages, the plaintiff simply responds with "Petitioner has not completed treatment and/or had a definitive diagnosis in order to respond."[23]  Thus, there is not even an *estimate* supplied to Target in these answers as to damages.

Further, the undersigned agrees that the deposition transcript was the first time Target could shed sufficient light on the damages issue in order to ascertain whether the jurisdictional amount in controversy was met.  In her deposition, Jade Kingham elaborates that she has had continuing, worsening pain from her fall, which required her to attend physical therapy and reduce her hours at her job at a hair salon.[24]  In an attempt to dodge the amount in controversy question, when asked by Target's counsel whether Jade Kingham thought her damages have run

---

[22] Pl.'s Answer to Interrogatories, Ex. B. to Def.'s Not. of Removal, [Doc. 1-3], at pg. 7.

[23] *Id.*

[24] Pl.'s Dep. Transcript, Ex. C to Def.'s Not. of Removal, [Doc. 1-4], at pgs. 3 – 12.

in excess of $75,000, her counsel objected to her client answering the question, declaring "I'm not going to federal court."[25]  The court will not reward what clearly appears (particularly based on the plaintiffs' counsel's declaration) to be a tactic to shield the case from removal by providing vague and incomplete answers on the amount of damages throughout the discovery process.

## CONCLUSION

For the reasons stated herein, the magistrate judge's ruling denying the plaintiffs' Motion to Remand is AFFIRMED.

Lake Charles, Louisiana, this 25 day of February 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT
JUDGE

---

[25] *Id.* at pg. 10.